## McBRIDE v. NEW YORK TUNNEL CO.

(Supreme Court, Appellate Division, First Department.   June 15, 1906.)

APPEAL—FORMER APPEAL—DECISION—LAW OF ·THE CASE.

Where, in an action for death of a servant by the negligence of M., it was determined on a prior appeal that'M. at the time of deceased's death was exercising an act of superintendence, for which the master was liable, as provided by Employers' Liability Act (Laws 1902, p. 1748, c. 600), which act constituted negligence causing deceased's death, and the evidence on a retrial, did not change in any substantial particular that at the former trial as to the duties and relations of M., the decision on the former appeal constituted the law of the case.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4358–4368.]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Mary McBride, as administratrix of Patrick McBride, deceased, against the New York Tunnel Company.   From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals.   Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and HOUGHTON, JJ.

Hoffman Miller, for appellant.

A. C. Brown, for respondent.

PATTERSON, J.   This action was brought to recover damages for the alleged negligent killing of the plaintiff's intestate McBride by an employé of the defendant named Martin.   It is unnecessary to enter upon a recital of the facts connected with the occurrence which resulted in the death of the intestate, for all that are material are stated in the opinion of this court (101 App. Div. 448, 92 N. Y. Supp. 282) rendered in the case when it was before us on appeal from a judgment dismissing the complaint.   Although the present record contains testimony of witnesses for the defendant who were not examined on the first trial, yet that testimony does not in any respect change the aspect in which the case was and is to be viewed upon the crucial question, whether Martin was a superintendent of the defendant within the meaning of the employers' liability act.   What Martin's duties were and what he did generally in his employment and at the time of the particular occurrence which· resulted in the death of the intestate, was before the court on the former appeal.   The testimony of the defendant's witnesses on the last trial does not change in any way Martin's relation to the defendant or to those who were engaged in the work of blasting at the time McBride was killed.   Upon a comparison of the record on the former appeal with that now before us and taking into consideration all that is testified to by the defendant's witnesses with reference to Martin's employment, we do not find any material fact affecting or varying those commented upon in the opinion written on the former appeal and upon which it was determined by this court that Martin, at the time of McBride's death, was exercising an act of superintendence and that his negligence alone caused McBride's death.   It

must, therefore, be regarded as the settled law of this case in this court that Martin was a superintendent and was exercising superintendence within the intent and scope of the employers' liability act. Laws 1902, p. 1748, c. 600. It is claimed, however, that it is shown that McBride was guilty of contributory negligence, and the specific act constituting such alleged negligence is pointed out. It is the same act referred to on the former appeal and concerning which this court said that it was a question which must be submitted to the jury. On the whole record we see no reason for interfering with the verdict of the jury on the subject of the negligence of the defendant's superintendent or of the contributory negligence of the plaintiff's intestate. Both those questions were submitted to the jury under proper instructions.

We do not discover any new point of view in which the case should be considered. The action is, of course, not one to enforce a common-law liability. It is founded only upon the provisions of the employers' liability act. The court below did not err in submitting to the jury the question whether or not Martin when he committed the act, which the jury found caused the death of McBride, was exercising an act of superintendence. It was held on the former appeal that that was a question to be submitted to the jury, and it was also decided that it was error to hold that the very act which was committed by Martin was not an act of superintendence. The effect of the decision on the former appeal is to hold that it was such an act. It is argued further that the explosion caused by Martin's act, that is, a premature explosion, was inherent in the nature of the business in which McBride was engaged, and that therefore the complaint should have been dismissed. That, however, under the provisions of the employers' liability act was a question for the jury, as was also heretofore pointed out. It would be sufficient to affirm this judgment on the opinion rendered on the former appeal, but for the fact that the defendant, on the second trial, called witnesses. But their testimony does not change in any substantial way that given by the plaintiff's witnesses, on the former and on this trial, respecting the duties and relations of Martin to the defendant and to the work in which it was engaged.

There are no exceptions requiring consideration, and the judgment and order appealed from should be affirmed, with costs. All concur, except McLAUGHLIN, J., who dissents.

McLAUGHLIN, J. (dissenting). The death of plaintiff's intestate was caused by the negligent act of Martin in setting off the blast. Nevertheless, the judgment is about to be affirmed upon the theory that inasmuch as Martin was a superintendent or foreman of the workmen who drilled the holes into which the dynamite that exploded was put, the case is brought within the provisions of chapter 600, p. 1748, Laws 1902, known as the "Employers' Liability Act," which makes the defendant liable. This act provides, among other things, that:

"Where, after this act takes effect, personal injury is caused to an employé, who is himself in the exercise of due care and diligence at the time * * * by reason of the negligence of any person in the service of the employer intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any

person acting as superintendent, with the authority or consent of such employer, the employé, or in case the injury results in death, the executor or administrator of a deceased employé who has left him surviving a husband, wife or next of kin, shall have the same right of compensation and remedies against the employer as if the employé had not been an employé of nor in the service of the employer nor engaged in his work."

There is absolutely no evidence to support the conclusion that when Martin fired the blast, he was doing anything which the defendant had authorized, consented, or permitted him to do, or over which he exercised any act of superintendence whatever. He had nothing to do with the blasting operation. His duties related solely to drilling holes in the rock, and, after dynamite had been inserted therein and exploded by McBride, to remove the débris. He could not handle the dynamite, insert it in the holes or explode it. The only person who was authorized or permitted by defendant to do this work was McBride, who alone had the necessary permit to do it. Martin was only foreman of the men who did the drilling and removed the rock, after the dynamite had been fired. This is the only act of superintendence with which he had been intrusted by defendant. To hold, under such circumstances, that the defendant is liable for Martin's acts, because he was at the time "exercising superintendence" or "acting as superintendent with the authority or consent" of defendant, is to extend the employers' liability act way beyond what the words warrant or the Legislature as it seems to me intended.

I, therefore, am unable to concur in the opinion of Mr. Justice PATTERSON, and vote to reverse the judgment, and order a new trial.